PEOPLE v PUREIFOY

Docket No. 62682. Submitted March 7, 1983, at Detroit.—Decided
August 4, 1983. Leave to appeal denied, 418 Mich 962.

Ronnie J. Pureifoy was convicted by a jury in Wayne Circuit
Court of armed robbery and was sentenced, John R. Kirwan, J.
Defendant appeals. *Held:*

1. The trial court did not err by admitting evidence of two of
defendant's prior larceny convictions.

2. The trial court did not err in denying defendant's motion
for mistrial which was based upon the prosecutor's reference to
a larceny conviction, evidence of which the court had earlier
suppressed. The trial court negated the prosecutor's error by
instructing the jury to disregard any reference to the convic-
tion because the prosecutor's records were incorrect. Defendant
suffered no prejudice as a result of the error.

3. Use of a statement given by defendant to the police and
used at trial by the prosecutor for impeachment purposes on
cross-examination without first explaining that defendant re-
quested, but was not given, a polygraph test as to the accuracy
of the statement was not error. The reference to the polygraph
test, which was never administered, was made by defendant.
Furthermore, he neither objected to the reference nor re-
quested a cautionary instruction from the court. No miscar-
riage of justice resulted from the mention of the polygraph test.

4. The trial court's failure to give a standard jury instruction

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1080.

[2] 29 Am Jur 2d, Evidence § 296.
    75 Am Jur 2d, Trial §§ 193, 208, 266.
    Propriety and prejudicial effect of comment or evidence as to
    accused's willingness to take lie detector test. 95 ALR2d 819.

[3] 75 Am Jur 2d, Trial §§ 576 *et seq.,* 809 *et seq.,* 906 *et seq.*

[4] 29 Am Jur 2d, Evidence §§ 582, 584, 587.
    Admissibility of pretrial confessions in criminal case—Supreme
    Court cases. 1 L Ed 2d 1735; 4 L Ed 2d 1833; 12 L Ed 2d 1340; 16
    L Ed 2d 1294; 22 L Ed 2d 872.
    Constitutional aspects of procedure for determining voluntariness of
    pretrial confession. 1 ALR3d 1251.

[5] 21 Am Jur 2d, Criminal Law §§ 596, 597.
    21A Am Jur 2d, Criminal Law § 922.

as to the admissibility of confessions was not error. Defendant specifically informed the jury which of two statements he had given he stood by as true and which was untrue. Furthermore, defense counsel did not request the instruction and in fact expressed his satisfaction with the instructions as given.

5. The trial court did not err by failing to instruct the jury that defendant's *Walker* hearing testimony could be used for impeachment purposes only.

6. The standard jury instruction on armed robbery as given by the trial court, verbatim, did not mislead the jury as to the element of permanently depriving an owner of his property. The instructions, when viewed as a whole, were consistent with substantial justice.

7. No error resulted from the inclusion in the presentence report on defendant of the complainant's detailed account of the alleged criminal sexual conduct of which defendant was acquitted.

Affirmed.

1. CRIMINAL LAW — MISTRIAL — PREJUDICE.

It is not error to deny a defendant's motion for mistrial where the error complained of did not prejudice the defendant.

2. CRIMINAL LAW — POLYGRAPH — REFERENCES TO POLYGRAPH EXAMINATION.

No miscarriage of justice resulted from a reference at trial to a polygraph examination where it was the defendant who, in order to bolster his credibility, referred to the fact that he had offered to take a polygraph examination, the polygraph examination was never given, and the defendant never objected to the reference at trial and never requested a cautionary instruction by the trial court.

3. CRIMINAL LAW — CONFESSIONS — STANDARD JURY INSTRUCTIONS.

It was not error for a trial court not to give a standard jury instruction as to the admissibility of confessions where the defendant, who had given two contradictory statements to the police, specifically informed the jury which of the statements he stood by as true and which was untrue and defense counsel did not request the instruction but, rather, expressed his satisfaction with the instructions given (CJI 4:1:01).

4. CRIMINAL LAW — STANDARD JURY INSTRUCTIONS — *WALKER* HEARING TESTIMONY.

It was not error for a trial court not to give a standard jury instruction to the effect that a defendant's *Walker* hearing

testimony could be used for impeachment purposes only where there was never any suggestion that such statements could be used as substantive evidence and the prosecutor made only limited use of the defendant's *Walker* hearing testimony, noting the inconsistency in defendant's choice between two contradictory statements, both of which were already in evidence for substantive purposes (CJI 4:5:01).

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

No error occurred as the result of a complainant's detailed account of an episode of alleged criminal sexual conduct, of which the defendant was acquitted, being included in a presentence report on the defendant to be used in sentencing him for an armed robbery conviction where the criminal sexual conduct allegedly occurred at the same time as the armed robbery and the defendant was not denied an opportunity to refute the statement.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: J. H. GILLIS, P.J., and HOOD, and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). A jury convicted defendant of armed robbery, MCL 750.529; MSA 28.797, but acquitted him of the first-degree criminal sexual conduct and felony-firearm charges. Defendant was sentenced to 12 to

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

30 years imprisonment and appeals as of right, raising seven issues.

Defendant argues that the trial court erred by admitting evidence of two of defendant's prior larceny convictions. We disagree. From the record it is clear that the trial judge exercised his discretion as required prior to admitting the evidence. Contrary to defendant's contention, armed robbery and larceny are significantly dissimilar in that, unlike armed robbery, larceny is a nonassaultive crime. *People v Maclin,* 101 Mich App 593; 300 NW2d 642 (1980).

While cross-examining defendant, the prosecutor mistakenly referred to a third, 1972, larceny conviction, evidence of which the trial court had earlier suppressed. Defendant now argues that the trial court erred in denying his motion for a mistrial. We disagree. It is not error to deny a defendant's motion for mistrial where the error complained of did not prejudice the defendant. The trial judge effectively negated the prosecutor's error by instructing the jury to disregard any reference to a 1972 conviction because the prosecutor's records were incorrect. *People v Ernest Smith,* 87 Mich App 18, 26-27; 273 NW2d 573 (1978).

In a statement given by defendant to the police and used at trial by the prosecutor for impeachment purposes on cross-examination, defendant offered to take a polygraph examination. Defendant now argues that use of this statement without an explanation that defendant was never given the opportunity to take such an examination was error. We disagree. Defendant never objected to the reference and never requested a cautionary instruction. In addition, no polygraph test was ever conducted, nor was the jury led to believe that it was. The reference was made by defendant

in an attempt to bolster his own credibility. Although references to a polygraph examination are normally inadmissible, in the instant case the reference did not result in a miscarriage of justice. *People v Tyrer,* 19 Mich App 48; 172 NW2d 53 (1969), *app dis* 385 Mich 484; 189 NW2d 226 (1971); *People v Wright,* 58 Mich App 735; 228 NW2d 807 (1975).

Defendant next claims that the trial judge erred by not reading CJI 4:1:01 to the jury, thereby instructing them that they could consider whether two confessions were in fact made by defendant and whether the statements were true. We, again, disagree. We note that defense counsel never requested this instruction. In addition, the trial judge carefully reviewed the instructions with both counsel, who expressed their satisfaction on the record. Most importantly, defendant never denied making the statements and he specifically informed the jury which statement he stood by as true and which statement was untrue. *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980), *lv den* 411 Mich 856 (1981).

Defendant's next argument is that the trial court erred by failing to instruct the jury that defendant's *Walker*[1] hearing testimony could be used for impeachment purposes only, CJI 4:5:01. We disagree. There was never any suggestion that such statements could be used as substantive evidence. The prosecutor made only limited use of defendant's *Walker* hearing testimony, noting the inconsistency in defendant's choice between two contradictory statements, both of which were already in evidence for substantive purposes. Under these circumstances, it was impossible for the jury

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

to consider anything but the inconsistency. Accordingly, failure to include CJI 4:5:01 in the instructions does not constitute grounds for reversal. *People v Paul Mathis,* 55 Mich App 694; 223 NW2d 310 (1974).

In instructing the jury on the charge of armed robbery, the trial judge read, verbatim, CJI 18:1:01, and no objection was raised by defendant. Defendant now argues on appeal that the armed robbery instruction was in error; that although the larceny instruction, CJI 23:1:01, provides that there must have been an intent to permanently deprive the owner of the property, the armed robbery instruction in effect at the time of trial used the term "deprive". We find that the instructions, when viewed as a whole, did not mislead the jury and were consistent with substantial justice. See *People v Porter,* 117 Mich App 422, 429; 324 NW2d 35 (1982), Judge RILEY's dissent.

Defendant's final request is that this Court order the complainant's detailed account of the alleged criminal sexual conduct of which he was acquitted be stricken from the presentence report now being used by the Department of Corrections. Defendant cites no authority for this request. Since there is no allegation that defendant was denied an opportunity to refute this statement, we find no error in its inclusion in the presentence report. *People v Czerwinski,* 99 Mich App 304; 298 NW2d 16 (1980); *People v Doss,* 122 Mich App 571; 332 NW2d 541 (1983).

Affirmed.