PEOPLE v MECHIGIAN

Docket No. 95077. Submitted February 10, 1987, at Detroit. Decided
    May 17, 1988. Leave to appeal applied for.

    Robert B. Mechigian, charged in the Wayne Circuit Court with
    one count of conspiracy and two counts of energy fraud,
    brought pretrial motions seeking to be allowed to introduce
    evidence at trial that the prosecution's primary witness, Wil-
    liam Jones, had failed three polygraph examinations, and to be
    allowed to cross-examine another witness, Roger Peck, concern-
    ing allegations against Peck of tax evasion and misappropria-
    tion of insurance funds. The trial court, Paul S. Teranes, J.,
    denied the motions. An application by defendant for leave to
    appeal was denied by the Court of Appeals. However, the
    Supreme Court, in lieu of granting leave to appeal, remanded
    the case to the Court of Appeals for consideration as on leave
    granted. 426 Mich 854 (1986).

    The Court of Appeals *held:*

    1. The results of polygraph examinations are not admissible
as evidence in a criminal trial. Jones' veracity and the circum-
stances of his plea bargain on charges similar to those against
defendant can be placed in issue without reference to Jones'
polygraph examinations.

    2. The scope of Peck's cross-examination is a matter best left
to the discretion of the trial court. The trial court is reminded
that a limitation on cross-examination which prevents a defen-
dant from placing before the jury facts upon which an infer-
ence of bias, prejudice or lack of credibility of a witness may be
drawn amounts to an abuse of discretion and may constitute a
denial of the right to confrontation.

    Affirmed in part and remanded for further proceedings.

REFERENCES

Am Jur 2d, Criminal Law §§ 221, 222, 599, 985, 986.
Am Jur 2d, Evidence § 831.
Am Jur 2d, Trial § 129.
Am Jur 2d, Witnesses §§ 464 *et seq.*
Propriety and prejudicial effect of informing jury that accused has
    taken polygraph test, where results of test would be inadmissible
    in evidence. 88 ALR3d 227.

1. CRIMINAL LAW — EVIDENCE — WITNESSES — POLYGRAPHS.

Polygraph examinations have not received the degree of stan-
dardization or acceptance by the scientific community which
would warrant the admission of their results into evidence;
thus, the results of a polygraph examination of a witness in a
criminal trial are not admissible evidence at trial.

2. TRIAL — CROSS-EXAMINATION — RIGHT OF CONFRONTATION.

The scope of cross-examination is a matter for the sound discre-
tion of the trial court; a limitation on cross-examination which
prevents a defendant from placing before the jury facts upon
which an inference of bias, prejudice or lack of credibility of a
witness may be drawn amounts to an abuse of discretion and
may constitute a denial of the right to confrontation.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
the Criminal Division, Research, Training and
Appeals, and *Jeffrey Caminsky,* Assistant Prose-
cuting Attorney, for the people.

*David F. DuMouchel, P.C.* (by *David F. DuMou-
chel* and *Cynthia J. H. Oberg*), and *Thomas G.
Kavanagh,* for defendant.

Before: DANHOF, C.J., and WEAVER and J. M.
BATZER,* JJ.

PER CURIAM. Defendant is charged in Wayne
County with one count of conspiracy, MCL
750.157a; MSA 28.354(1), and two counts of energy
fraud, MCL 750.282; MSA 28.493. This appeal
concerns two pretrial motions brought by defen-
dant before a Wayne Circuit judge: (1) whether
defendant should be allowed to introduce evidence
at trial that the prosecution's primary witness,
William Jones, failed three polygraph tests; and (2)
whether defendant should be allowed to cross-ex-
amine another endorsed witness, Roger Peck, con-

* Circuit judge, sitting on the Court of Appeals by assignment.

cerning allegations of tax evasion and misappropriation of insurance funds. This Court initially denied defendant leave to appeal. Our Supreme Court then remanded the matter to us for consideration as on leave granted. *People v Mechigian,* 426 Mich 854 (1986).

We will first address the admission of the polygraph results. In the spring of 1982, defendant, an automobile dealer, referred William Jones to several other automobile dealers in the greater Detroit area with the suggestion that Jones could help them lower their utility bills. Several months later, the utility companies serving the area claimed that Jones illegally tampered with the meters. Defendant claims that he did not know that Jones intended to commit illegal acts. Jones is expected to be the key prosecution witness, particularly as to scienter. Thus it is expected that the case may well turn on the jury's evaluation of Jones' credibility.

When Jones was caught, he apparently initially struck a deal with the Oakland County Prosecutor's Office. He would tell the truth and submit to a polygraph. In return, he would be allowed to plead to a four-year energy fraud violation rather than the ten-year false pretenses charge. This bargain was never effectuated because Jones "failed" three polygraph examinations. He then pled guilty to obtaining money under false pretenses over $100. Later Jones apparently "passed" a fourth polygraph examination. Upon the motion of the Attorney General and over the objection of the Oakland County Prosecutor, he was allowed to withdraw his plea and plead guilty to one count of energy fraud. In exchange, Jones agreed to cooperate with the investigation. Defendant argues that testimony concerning the four polygraph tests is crucial to the jury's understanding of the facts and

circumstances surrounding Jones' initial guilty plea to one charge and his subsequent plea withdrawal and guilty plea to a lesser charge.

In *People v Becker,* 300 Mich 562, 565-566; 2 NW2d 503 (1942), our Supreme Court ruled that results of polygraph tests were not admissible in criminal trials as the technique had not received the degree of standardization or acceptance among scientists which would warrant admission. The Court reaffirmed the prohibition against the evidentiary use of polygraph tests in *People v Barbara,* 400 Mich 352, 359; 255 NW2d 171 (1977), reh den 400 Mich 1029 (1977). See also *People v Triplett,* 163 Mich App 339; 413 NW2d 791 (1987). In *People v Williams,* 123 Mich App 752, 757; 333 NW2d 577 (1983), this Court ruled that the inability of a defendant to admit results of polygraph tests to impeach the credibility of a prosecution witness did not deny the defendant the right to confront the witness.

The primary reason for the prohibition against the use of polygraph results is their questionable accuracy, or more precisely, the questionable accuracy of the examiner's opinions of veracity or deception based thereon. *Barbara, supra.* Defendant, however, says he is not arguing that the failed examinations prove that Jones is lying about defendant's role in the energy fraud. Rather, he says he is seeking admission of the results to explain why Jones was not given the reduced charge initially and the circumstances under which he was ultimately allowed to plead guilty to the reduced charge.

We agree that allowing Jones to testify without an explanation of the circumstances surrounding his plea bargain would deny defendant the opportunity to fairly place in issue Jones' veracity as a witness in this case. *People v Dietrich,* 87 Mich

App 116; 274 NW2d 472 (1978), rev'd in part on other grounds 412 Mich 904 (1982). We are not convinced that an explanation of the circumstances in this instance necessarily involves the admission of testimony concerning polygraph testing. We are of the view that questions can be framed to place the relevant circumstances of the reduced plea before the jury without recourse to polygraph testimony. Evidence of polygraph examinations may not be used to show a witness' credibility. *People v Yatooma,* 85 Mich App 236; 271 NW2d 184 (1978), lv den 406 Mich 865 (1979). What is pertinent to Jones' credibility in his plea agreement is, of course, any consideration he received or circumstance that might furnish a motive or incentive to lie. Further, any prior inconsistent statements concerning the events at issue that he may have made in the course of carrying out his plea bargain are relevant. His failure on three polygraph examinations adds nothing to the issue of whether he had motivation to lie.

We decline to decide the second issue raised by defendant concerning the scope of Roger Peck's cross-examination. Defendant is also facing energy fraud and conspiracy charges in Oakland County stemming from his relationship with William Jones. Roger Peck is a former owner of a Chevrolet dealership in Oakland County and is an endorsed witness in both this case and the Oakland County case. He is expected to testify that defendant suggested to him that Jones could alter Peck's utility meters.

In addition to his motion requesting that he be allowed to cross-examine Peck concerning alleged improper business activities, defendant also moved to exclude any similar acts evidence in his Wayne County trial. The Wayne Circuit Court judge who heard defendant's motions ruled that the testi-

mony concerning the diversion of natural gas in Oakland County was inadmissible until the issue was presented and ruled on by the judge who would preside over defendant's trial.

As a result of the circuit court judge's ruling on this third motion, it is highly speculative whether Peck will testify in Wayne Circuit Court. We ordinarily do not render advisory opinions. *People v Gonzales,* 349 Mich 572; 84 NW2d 753 (1957); *Rozankovich v Kalamazoo Spring Corp (On Rehearing),* 44 Mich App 426, 428; 205 NW2d 311 (1973). We do not believe that this issue warrants such an opinion. We are of the opinion that the permissible scope of the cross-examination of Peck is a matter best left in the first instance to the judge who presides over defendant's Wayne County trial once this judge has heard Peck's testimony. We assume that the trial court will bear in mind where applicable the rule reiterated in *People v Holliday,* 144 Mich App 560, 566-567; 376 NW2d 154 (1985):

> A limitation on cross-examination which prevents a defendant from placing before the jury facts upon which an inference of bias, prejudice or lack of credibility of a witness may be drawn amounts to an abuse of discretion and can constitute a denial of the right of confrontation. If cross-examination of a prosecution witness has been unreasonably limited, a conviction based upon the testimony of such witness should not be sustained.

It is only after Peck has testified that the relevancy of defendant's proposed questions can be properly balanced against their prejudicial effect.

Affirmed in part; remanded to Wayne Circuit Court for further proceedings. We do not retain jurisdiction.