PEOPLE v NASH

Docket No. 208799. Submitted April 11, 2000, at Detroit. Decided December 26, 2000, at 9:15 A.M.

Donald E. Nash was convicted by a jury in the Wayne Circuit Court, Donald J. Van Antwerp, J., of first-degree murder and possession of a firearm during the commission of a felony. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's failure to move for a mistrial after the prosecution's key witness made a reference on redirect examination to having taken a polygraph test does not foreclose appellate review of his claim that he was denied due process and a fair trial. Plain error affecting the defendant's substantial rights and requiring reversal of his convictions occurred as a result of the witness' reference to the polygraph examination.

2. Considered in determining whether a defendant is prejudiced as a result of reference to a polygraph examination are whether the defendant objected or sought a cautionary instruction, whether the reference was inadvertent, whether there were repeated references, whether the reference was an attempt to bolster a witness' credibility, and whether the results of the test were admitted rather than merely the fact that a test had been conducted. In this case, all these considerations lead to the conclusion that the defendant suffered prejudice.

Reversed.

CRIMINAL LAW — EVIDENCE — POLYGRAPH EXAMINATIONS — APPEAL.

Evidence of a polygraph examination, even where the results of the examination are not disclosed, is inadmissible in a criminal trial; however, not every reference to a polygraph examination constitutes error requiring reversal; the Court of Appeals, in determining whether reversal is mandated, considers whether the defendant objected to the evidence or sought a cautionary instruction, whether the reference was inadvertent, whether there were repeated references, whether the reference was used in an attempt to bolster a witness' credibility, and whether the results of the examination, rather than merely the fact that an examination had been conducted, were admitted.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Ana I. Quiroz*, Assistant Prosecuting Attorney, for the people.

*Robert M. Morgan*, for the defendant.

Before: GRIBBS, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Defendant appeals as of right from his jury trial convictions of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment for the first-degree murder conviction and two years' imprisonment for the felony-firearm conviction, the sentences to run consecutively. We reverse.

Defendant raises numerous issues on appeal, one of which we find requires us to reverse his convictions, that issue being that defendant was denied due process and a fair trial when the prosecution's key witness made reference to having taken a polygraph examination.

I

The victim in this case was shot to death inside a dry-cleaning establishment where she worked. The murder went unsolved for ten years. Relatives of the victim managed to get the case reopened, and the ensuing investigation led to the arrest of defendant.

At trial, the only prosecution witness to directly implicate defendant in the homicide was Cinnamon Miller (hereafter "witness"). The witness' mother and the victim were lesbian lovers and, during the wit-

ness' childhood, she lived with her mother and the victim for many years. There was a long history of discord between the witness and the victim. This discord resulted in an unsettling home life for the witness. The witness had many behavioral problems and spent years of her childhood in a psychiatric institution.

Ultimately, the witness testified that her hatred for the victim caused her to plan to kill the victim and that she solicited defendant to assist her in perpetrating the murder. The witness claimed in her testimony that she obtained a gun to be used in the murder and she described the events that resulted in defendant entering the dry cleaners and killing the victim.

During the trial, the prosecutor and defense counsel extensively examined and cross-examined the witness. On cross-examination, defense counsel soundly attacked the witness' credibility with several conflicting statements that the witness had given to the police during the investigation and with her admitted history of lying. During redirect examination, the prosecutor attempted to rehabilitate the witness by repeatedly inquiring into what led the witness to finally tell the truth about the murder and why the jury should believe her testimony. This repeated questioning concluded with the following exchange.

> Q. Okay. So, then, why should we believe you?
> A. That's up to you. I took a lie detector test.

Defense counsel objected to this testimony, and the trial court sustained the objection, struck the response from the record, and instructed the jury to disregard the answer. Defense counsel did not move for a mistrial on the basis of the witness' reference to

taking a polygraph test. The trial concluded with the jury finding defendant guilty as charged of first-degree murder and possessing a firearm during the commission of a felony.

II

First, we address the appropriate standard of review. Although defendant submits that a request for a mistrial is reviewed under an abuse of discretion standard and that the alleged error should be reviewed under this standard, the record reveals that defendant failed to request a mistrial with regard to the polygraph testimony. Had defendant requested a mistrial, the proffered standard of review would be accurate. *People v Ortiz-Kehoe*, 237 Mich App 508, 513; 603 NW2d 802 (1999) ("the proper standard of review for a trial court's decision to grant or deny a mistrial is abuse of discretion"). However, because defendant objected to the reference to a polygraph test, but did not move for a mistrial, it appears that defendant was satisfied with the court's handling of the matter. The court sustained the objection, struck the response from the record, and instructed the jury to disregard the answer. On this record, defendant did not receive an adverse ruling from the trial court from which to appeal.

Nonetheless, this does not foreclose the possibility of appellate review. We believe that the alleged error should be reviewed by the even more restrictive standard of forfeited nonconstitutional error. We find that the failure to request a mistrial is tantamount to counsel's failing to preserve an objection. Under such a circumstance, a defendant is entitled to the limited review afforded under the forfeited nonconstitutional

error standard. As such, defendant must show a plain error that affected his substantial rights, and this Court must exercise its discretion when deciding whether reversal is necessary. *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999). In *Carines*, *supra* at 763, our Supreme Court explained:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. [*United States v Olano*, 507 US 725,] 731-734[; 113 S Ct 1770; 123 L Ed 2d 508 (1993)]. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id.*, p 734. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.* Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id.*, pp 736-737.

We review defendant's forfeited claim of nonconstitutional error under this standard.

III

Normally, reference to a polygraph test is not admissible before a jury. *People v Pureifoy*, 128 Mich App 531, 535; 340 NW2d 320 (1983). Indeed, it is a bright-line rule that reference to taking or passing a polygraph test is error. *People v Kosters*, 175 Mich App 748, 754; 438 NW2d 651 (1989); *Pureifoy, supra.* Thus, plain error occurred when the key prosecution witness mentioned having taken a polygraph test.

Although reference to a polygraph test is inadmissible, *Pureifoy, supra,* it does not always constitute error requiring reversal, *People v Rocha,* 110 Mich App 1, 8; 312 NW2d 657 (1981). For example, "[a] reference may be a matter of defense strategy, the result of a nonresponse [sic] answer, or otherwise brief, inadvertent and isolated." *Id.* Previously, to determine if reversal is required, this Court has analyzed a number of factors, including

> (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted." [*People v Kiczenski,* 118 Mich App 341, 346-347; 324 NW2d 614 (1982), quoting *Rocha, supra* at 9.]

A panel of this Court considered these factors in *People v Whitfield,* 58 Mich App 585; 228 NW2d 475 (1975), a case that addressed polygraph testimony as unpreserved error, and not in the context of a motion for a mistrial, but before our Supreme Court stated the standard of review for forfeited nonconstitutional error. Defendant utilized these factors to persuade this Court of the prejudice caused to him as a result of the reference to the polygraph examination. In reviewing defendant's claim of forfeited nonconstitutional error, we find these factors useful in determining whether defendant was prejudiced by the reference to the polygraph test. Considering these factors, we conclude that the mention of the polygraph test in the present case prejudiced defendant.

First, defense counsel objected to the inappropriate reference to a polygraph test and the trial court sus-

tained the objection, struck the inadmissible testimony, and instructed the jury to disregard the answer. This factor weighs in favor of defendant. See *Ortiz-Kehoe, supra* at 514-515 (when determining whether the trial court abused its discretion in denying the defendant's motion for a mistrial, the defendant's objection and receipt of a cautionary instruction weighs in favor of granting a mistrial).

Second, the reference to the polygraph test was not inadvertent. The prosecutor was trying to rehabilitate the credibility of the witness after cross-examination by asking questions to elicit the witness' reaffirmation for telling the truth. Rather than being unresponsive to the question posed, the prosecutor's question invited the given answer. This factor also weighs in favor of defendant.

Third, although it may first appear that the reference to the polygraph test was made only once, a review of another of defendant's issues on appeal indicates otherwise. Defendant claims that the improper reference to the polygraph test was played back to the jury during deliberations. A review of the transcripts supports defendant's claim and indicates that all of the trial proceedings, in and out of the presence of the jury, during the key prosecution witness' testimony was played back to the jury. However, the prosecution has provided this Court with an affidavit from the court reporter that states that the transcripts do not accurately reflect what was played back to the jury. We note that this Court normally does not consider evidence that was not presented at the lower court. *People v Canter*, 197 Mich App 550, 557; 496 NW2d 336 (1992). However, pursuant to the authority conferred on us by MCR 7.216(A)(4), we

consider the affidavit provided by the court reporter who actually played back the testimony to clarify the existing record.

In the affidavit, the court reporter swears that the trial court instructed her, off the record, to omit the hearing that was conducted outside the presence of the jury with regard to the statements made by the key prosecution witness on the stand concerning defendant's prior incarceration, which is another alleged error defendant argues on appeal. The reporter states that she complied with the court's instructions. There is no other information regarding the playback of the testimony; however, the affidavit indicates that "[t]hat was the only portion omitted from the jury's hearing." On the basis of this record, we can draw only one conclusion: when the court reporter replayed the witness' testimony before the jury, the reference to the polygraph was not stricken. Although not pursued after its initial introduction, see *Whitfield, supra,* mention of the polygraph was repeated and the jury was again reminded that the witness took a polygraph test and, impliedly, passed. Thus, the third factor weighs in favor of defendant because the reference to the polygraph was repeated.

Fourth, the witness' reference to the polygraph test was an attempt to add credibility to her protestation of being truthful. The credibility of the prosecution's key witness was crucial in this case, and that witness had a history of lying, admitting that during multiple interviews during the murder investigation that she had lied to the police. "Evidence of polygraph examinations may not be used to show a witness' credibility." *People v Mechigian,* 168 Mich App 609, 613; 425 NW2d 199 (1988).

Fifth, although the witness' response to the prosecutor's question only referenced taking the polygraph test and not the results of the test, it can hardly be said that the result was not implied. Had the witness not passed the lie detector test, she would not have responded, effectively, that she should be believed on the basis of the results of the lie detector test. "Convictions have been reversed where the fact of taking a polygraph examination or its results were introduced to bolster a witness's credibility." *People v Jansson*, 116 Mich App 674, 695; 323 NW2d 508 (1982), citing *People v Scotts*, 80 Mich App 1; 263 NW2d 272 (1977).

Thus, each of these factors weighs in favor of defendant. On the basis of this analysis, we believe that a sufficient possibility existed that the jury may have resolved the credibility issue by reference to the polygraph testimony. *People v Yatooma*, 85 Mich App 236, 241; 271 NW2d 184 (1978). Where the reference to the polygraph test was brought out by the prosecutor, not as a matter of defense strategy, and where the key prosecution witness, who was involved in the crime and was the crucial witness against defendant, gave a responsive answer to the prosecutor's question that was posed with the intent of bolstering the witness' credibility and was later repeated before the jury during deliberations, we believe that prejudice to defendant occurred.

Recognizing our discretion, we are constrained to find that the key prosecution witness' reference to having taken a polygraph test was error that seriously affected the fairness of the trial and that requires reversal of defendant's convictions. Defendant is entitled to a new trial.

Because we find that reversal is required, we do not discuss the other issues raised by defendant.

Reversed. We do not retain jurisdiction.

GRIBBS, P.J. I concur in the result only.