# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DUSTIN EARL MASON,

       Defendant-Appellant.

UNPUBLISHED
June 18, 2015

No. 320551
Oakland Circuit Court
LC No. 2013-245338-FH

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

BORRELLO, J. (*concurring in part and dissenting in part*).

As my colleagues in the majority have sufficiently stated in their opinion, the first issue presented in this case involves a reference to a polygraph examination that was to be administered to defendant. Following the introduction of that testimony, defendant moved for a mistrial, and the trial court requested that the parties research the issue. During its request for case law, the trial court conveyed its belief that it was not mandated to give a curative instruction. The trial court was correct in reaching this legal conclusion. Because I believe that in cases where introduction of a polygraph examination constitutes clear error, I write separately to convey my belief that the trial court should, *sua sponte*, cure the error with a cautionary instruction to the jury. Additionally, in this case the assistant prosecutor did request a cautionary instruction,[1] which was denied by the trial court based on its belief that the decision as to whether to give a curative instruction rested solely with defense counsel. Again, the trial court's statement was not an error of law as there seemingly is no case law to the contrary. Therefore, I

---

[1] Defendant argues that the polygraph reference was caused by prosecutorial misconduct. The record clearly reveals that the assistant prosecutor did not engage in any form of misconduct. To the contrary, the record reveals that immediately after Gomez mentioned the polygraph, the assistant prosecutor asked to approach the bench. Then, during defense counsel's motion for a mistrial, the assistant prosecutor stated to the trial court: "I'm concerned however, that if the Supreme Court has ruled that a curative instruction will cure the problem and the Court does not do that at [defense counsel's] request that there may be an appellate problem there." While the assistant prosecutor should be more careful in framing her questions, nothing in the record leads me to conclude that the assistant prosecutor intended to conjure any testimony from Gomez relative to a polygraph examination.

write separately to express my opinion that in cases such as this, where it was clear error to mention a polygraph examination, the prosecutor has a right to request a cautionary instruction to the jury even in cases where its witness interjects the error. Lastly, I write separately because contrary to my colleagues in the majority, I do not believe the record supports a finding that trial counsel specifically objected to the testimony regarding the polygraph examination. I would hold that in cases where trial counsel fails to specifically object to clear error regarding a reference to a polygraph examination and does not request a cautionary instruction, I would find that such conduct constitutes the harboring of appellate error. However, as more fully stated below, I concur with my colleagues that even though the reference to a polygraph examination constituted clear error, the error does not require reversal. I concur with the analysis and legal conclusion of my colleagues on all other issues.

At issue is a reference made by Deputy Gomez, a deputy with over twenty years of police experience, the last three as a detective, to a polygraph examination that was arranged for defendant. Specifically, the record reveals the following:

> *Q*. Detective Gomez, could you please describe the circumstances of your meeting with the defendant?
>
> *A*. Officer Beegle initially did the initial report and interviewed [defendant] as part of the allegations made by [BK]. I was out of the office for two weeks during this time period. I was assigned to a task force, so I came in kind of late in the investigation. I did reinterview [sic] [BK] and I set up a polygraph for [defendant].
>
> *Q*. As a result of just - - -
>
> [Assistant Prosecutor]: May we approach, Judge?
>
> [Defense Counsel]: Let's approach. I have an objection. [The record reflects that a bench conference was held off the record after which the trial resumed.]

Our state and federal constitutions guarantee a defendant the right to due process of law, US Const, Am XIV; Const 1963, art 1, § 17, which requires that the defendant receive a fair trial. *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). "[A]n important element of a fair trial is that a jury only consider relevant and competent evidence bearing on the issue of guilt or innocence[.]" *People v Hana*, 447 Mich 325, 350; 524 NW2d 682 (1994), quoting *Zafiro v United States*, 506 US 534, 540; 113 S Ct 933; 122 L Ed 2d 317 (1993) (quotation marks and additional citations omitted).

It is well settled that "A trial court should only grant a mistrial when the prejudicial effect of the error cannot be removed in any other way," and jury "instructions are presumed to cure most errors." *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008). "Although reference to a polygraph test is inadmissible . . . it does not always constitute error requiring reversal." *People v Nash*, 244 Mich App 93, 98; 625 NW2d 87 (2000). This Court considers the following factors in determining whether reference to a polygraph amounts to reversible error:

(1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted. [*Id.* (internal quotation marks and citations omitted).]

Reviewing the *Nash* factors, I cannot find in the record where defense counsel posited a specific objection to the mention of a polygraph examination. Rather, the record merely reflects that after the assistant prosecutor requested a bench conference, defense counsel stated: "let's approach. I have an objection." This statement was insufficient to put the court or the jury on notice that defense counsel was objecting to the reference to a polygraph examination. Furthermore, following the bench conference, defense counsel never again placed an objection to Gomez's testimony. Therefore, no objection was made. Accordingly, I would decide this factor in favor of the state.

As to the second factor, whether the reference was inadvertent, I disagree with the majority. Deputy Gomez testified to having over twenty years' of experience as a law enforcement officer, the last three of which were as a detective. It is difficult to conclude that a deputy with such extensive service and experience "inadvertently" mentioned a polygraph examination. Therefore, I would conclude that this factor weighs in favor of defendant.

As to the third, fourth and fifth factors, there were no repeated references, nothing supports that Deputy Gomez was attempting to bolster a witness' credibility, and the results of a test were not admitted. *Id*. Therefore, I would conclude that all three of these factors weigh in favor of the state, and, accordingly, I would conclude, as did the majority, that defendant is not entitled to reversal or new trial as the reference to a polygraph examination did not deny him a fair trial. *Anstey*, 476 Mich at 460.

Although the reference to the polygraph did not deny defendant a fair trial, such evidence has the potential to be highly prejudicial. This is why such evidence is inadmissible as a matter of law. Therefore, in instances where a witness does refer to a polygraph, a trial court should take corrective measures to cure the taint of the error. Indeed, prior to the commencement of a criminal trial, the trial court reads CJI 2.4 to the jury, informing the jury of the court's responsibilities relative to making "decisions about evidence." In cases such as presented here, consistent with its duties outlined in CJI 2.4, the trial court should *sua sponte*, give a cautionary instruction to the jury directing it to disregard any evidence relative to a polygraph examination and further informing the jurors that they may not consider whether a polygraph examination was administered.

Moreover, in these instances, I would also conclude that the prosecutor may seek a curative instruction. As was pointed out by the assistant prosecutor in this case, the purpose of a curative instruction is simple: to cure error. Therefore, because the role of the prosecutor is not simply to win a trial but rather to seek justice, *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007), consistent with this role, a prosecutor has an obligation and a right to ask the trial court for a curative instruction.

Lastly, I would hold that the failure of defense counsel to: (1) specifically object to the testimony regarding a polygraph examination, and (2) failure to request a curative instruction, was not reasonable trial strategy on an objective standard of reasonableness. *People v Toma*, 463 Mich 281, 302; 613 NW2d 694 (2000). Given the prejudicial nature of a polygraph reference in the context of a criminal case, from the defense's perspective, no good can come from allowing such reference to linger uncorrected by the trial court. Rather, counsel's failure to object in this instance was harboring appellate error. See *People v Carter*, 462 Mich 206, 214, 612 NW2d 144 (2000) ("Counsel may not harbor error as an appellate parachute.") In the trial court, defendant argued that the mention of a polygraph examination was so egregious that it mandated a mistrial. As correctly set forth by the majority, there are indeed cases where such references form the basis for a mistrial or a new trial. However, to argue that the error is so egregious that it mandates a new trial, yet did not warrant a curative instruction, is counter-intuitive. Simply put, such an argument makes no sense given our State's jurisprudence on such issues. There is a long line of cases which clearly state that jury instructions are presumed to cure most errors, e.g. *Horn*, 279 Mich App at 63, and that jurors are presumed to follow instructions, e.g. *People v Kissner*, 292 Mich App 526, 543; 808 NW2d 522 (2011). Additionally, as previously stated, the first factor in *Nash*, 244 Mich App at 98, concerns whether defendant objected and/or sought a cautionary instruction. Here, defense counsel failed to do either. Accordingly, in such cases where defense counsel has failed to posit a specific objection to the testimony regarding a polygraph examination and has failed to request a cautionary instruction, it can be best stated that defense counsel has not engaged in any type of trial strategy, but rather has harbored appellate error. Nevertheless, for the reasons discussed above concerning the *Nash* factors, I would conclude that defendant cannot meet the prejudice prong under *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), and therefore he is not entitled to a new trial on this basis.

I concur with the majority on all other issues and I concur in the result.


/s/ Stephen L. Borrello