# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 18, 2015

Plaintiff-Appellee,

v

No. 320551
Oakland Circuit Court
LC No. 2013-245338-FH

DUSTIN EARL MASON,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted after his jury trial convictions of two counts of third-degree criminal sexual conduct, MCL 750.520d(1)(b). He was sentenced to 40 months to 15 years' imprisonment for each count, to run concurrently. We affirm.

Defendant first argues that the trial court erred in denying his motion for a mistrial after a prosecution witness testified to setting up a polygraph test. We disagree. This Court reviews a trial court's denial of a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). "A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v Ortiz-Kehoe*, 237 Mich App 508, 514; 603 NW2d 802 (1999). Defendant preserved this issue by an objection on the record.

During the testimony of a prosecution witness, a police officer, the witness stated that she "set up a polygraph" for defendant. Defense counsel immediately objected and a discussion was held off the record. Testimony continued. Following the release of the jury, defendant moved for a mistrial. During discussion, defense counsel argued that a curative instruction could "ring the bell twice" but to not request a curative instruction had often been weighed against the defendant on appeal. Defense counsel decided not to request a curative instruction but argued that either choice denied defendant a fair and impartial trial because the jury would think that defendant took and failed the polygraph; otherwise, he would not have been brought to trial. Therefore, defense counsel argued that a mistrial should be granted. The court took the matter under advisement and asked counsel to research the issue and present cases on both sides. Following jury instructions and the beginning of deliberations, the court heard the parties' arguments and recitation of the law. The court held that, under the applicable law, considering

-1-

all the factors, the circumstances in this trial did not rise to the level that would require a mistrial. Therefore, the court denied defendant's motion for a mistrial.

"[R]eference to taking or passing a polygraph test is error." *People v Nash*, 244 Mich App 93, 97; 625 NW2d 87 (2000). To determine whether a defendant was prejudiced by an improper reference to polygraph evidence, this Court considers the following factors:

> (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted. [*Id.* at 98 (quotation omitted).]

Generally, an unresponsive, volunteered answer to a proper question is not cause for granting a mistrial. *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988). Although reference to a polygraph test is inadmissible, it does not always constitute error requiring reversal. *Nash*, 244 Mich App at 98. For example, "[a] reference may be a matter of defense strategy, the result of a nonresponse [*sic*] answer, or otherwise brief, inadvertent and isolated." *Id.*

Addressing the factors set forth in *Nash*, we first find that defendant objected to the mention of the polygraph test, thus preserving this issue for appeal, but did not seek a cautionary instruction. A cautionary instruction may limit the potential for undue prejudice. *People v Murphy (On Remand)*, 282 Mich App 571, 583; 766 NW2d 303 (2009). Defense counsel stated his belief that the cautionary instruction would only emphasize that a polygraph test had been given to defendant and would cause the jury to imply or infer that he had failed it; otherwise, he would not have been brought to trial. However, jurors are presumed to follow instructions from the trial court. *People v Kissner*, 292 Mich App 526, 543; 808 NW2d 522 (2011). The trial court did state that it "was a Hobson choice whether or not to request" the cautionary instruction and "twice ring the bell." Therefore, we find that the trial court did not give any negative weight to defense counsel's decision to not request a cautionary instruction.

Second, the trial court found that the remark was inadvertent. We find nothing in the record to conclude otherwise. Third, contrary to defendant's argument to the trial court, the record shows that no other witness made any reference or mention of a polygraph. Thus, there was only one reference. Fourth, because the reference was inadvertent, we find no evidence to support a conclusion that the mention of a polygraph test was used as an attempt to bolster the witness's credibility. Finally, the results of a polygraph test were not admitted. In fact, the prosecutor informed the court that no polygraph test had even been given to defendant. Considering and weighing all the *Nash* factors, we hold that the trial court did not abuse its discretion when it denied defendant's motion for a mistrial. Defendant has not demonstrated an irregularity that prejudiced his rights or impaired his ability to get a fair trial. *Ortiz-Kehoe*, 237 Mich App at 513-514.

Defendant also argues that he is entitled to resentencing because Offense Variable (OV) 11 was improperly scored at 25 points, contending that OV 11 should have been scored at zero points. Defendant preserved this issue for appeal by his objection on the record. This Court

-2-

reviews for clear error a trial court's factual determinations with respect to the scoring of offense variables in the sentencing guidelines, and the factual determinations "must be supported by a preponderance of the evidence." *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013). Legal questions of statutory interpretation on "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute" are considered de novo. *Id.*

MCL 777.41 provides:

(1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of pointes:

(a) Two or more criminal sexual penetrations occurred          50 points

(b) One criminal sexual penetration occurred          25 points

(c) No criminal sexual penetration occurred          0 points

(2) All of the following apply to scoring offense variable 11:

(a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

(b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

Defendant argues that OV 11 should not have been scored at 25 points because he was charged with two counts of third-degree criminal sexual conduct and convicted of two counts. Therefore, there was no additional penetration "arising out of the sentencing offense" and OV 11 should have been scored at zero points. We disagree. In *People v McLaughlin*, 258 Mich App 635, 671; 672 NW2d 860 (2003), the defendant made the same argument. The *McLaughlin* defendant, who was charged with and convicted of three counts of first-degree CSC, argued that the trial court erroneously scored 50 points for OV 11. The victim testified at the defendant's trial that he penetrated her three times. The defendant contended that OV 11 "should have been scored at zero points because under MCL 777.41(2)(c), each of the three sexual penetrations was the basis of a separate charge and, therefore, was not subject to scoring."

This Court disagreed, holding:

Therefore, MCL 777.41(2)(c) must be construed . . . as operating either to exclude any sexual penetrations resulting in separate convictions, as suggested by defendant, or to exclude the use of one sexual penetration when the sentencing offense itself is first-degree CSC or third-degree CSC as suggested by the prosecutor. We find that the latter position represents the more reasonable view

-3-

of legislative intent because the language of MCL 777.41(2)(c) indicates an intent to exclude only one sexual penetration. . . .

We . . . find that the proper interpretation of OV 11 requires the trial court to exclude the one penetration forming the basis of the offense when the sentencing offense itself is first-degree or third-degree CSC. Under this interpretation, trial courts may assign points under subsection 41(2)(a) for "all sexual penetrations of the victim by the offender arising out of the sentencing offense," while complying with the mandate of subsection 41(2)(c), by not scoring points for *the one penetration* that forms the basis of a first- or third-degree CSC offense. Accordingly, trial courts are prohibited from assigning points for the one penetration that forms the basis of a first- or third-degree CSC offense that constitutes the sentencing offense, but are directed to score points for penetrations that did not form the basis of the sentencing offense.

. . . . [H]ad the Legislature intended that only sexual penetrations not resulting in a criminal charge be considered, it could have stated that intent. [*McLaughlin*, 258 Mich App 635 at 676-677 (emphasis in original).]

Based on *McLaughlin*, we hold that the trial court did not clearly err in finding that OV 11 should be scored at 25 points. The record shows, and the jury found, that two penetrations occurred beyond a reasonable doubt, and thus the preponderance of the evidence supported the scoring of OV 11 at 25 points.

Affirmed.

/s/ Joel P. Hoekstra
/s/ David H. Sawyer