*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2025
2:19 PM

Plaintiff-Appellee,

v

No. 367215
Eaton Circuit Court
LC No. 2022-020038-FC

DESHOWN ERNESTO CLARK,

Defendant-Appellant.

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

Defendant was charged with open murder and felony-firearm for a shooting that occurred during a drug deal. Defendant appeals as of right his jury trial convictions and sentence. We affirm defendant's convictions but vacate his sentence and remand for resentencing.

## I. BACKGROUND

The victim and his girlfriend drove together to an apartment complex to meet with a mutual acquaintance to sell marijuana. The victim was driving and his girlfriend sat in the passenger seat. After they arrived, defendant and the acquaintance first approached the victim's car on the passenger side and then walked to the driver's side together. The acquaintance leaned into the vehicle to discuss the deal with the victim. Then, defendant, after switching spots with the acquaintance at the side of the victim's door, pulled a gun and pointed it at the victim's head. The victim tried pushing the gun away, at which point, the gun went off. Although the victim was able to drive away, he did not survive the gunshot wound.

At the preliminary examination and at trial, the victim's girlfriend identified defendant as the person who shot the victim. She testified that she could see the shooter clearly as he approached the vehicle on her side, that he was wearing a hoodie with the hood up and nothing covering his face, and that she remembered his jawline and eyes. Although the light from the gun shined in the victim's girlfriend's eyes at one point, she testified that the gun appeared to be a black Glock or automatic gun. The victim's girlfriend was also questioned about photo lineups that she participated in, including one when she focused on defendant's photo and discussed how it was similar to the shooter.

-1-

In addition to the victim's girlfriend's testimony, the evidence introduced at trial included photos and a video depicting defendant with guns and alcohol. Before trial, defendant moved to suppress evidence of the photos; the trial court allowed some, but not all, of the photos. At trial, defendant objected to the prosecutor's introduction of six different videos of defendant. The trial court allowed only one of the videos in evidence for its relevance but excluded the other five videos because the cumulative effect of all the videos would be more prejudicial than probative. During trial, the prosecutor also introduced evidence and testimony about defendant's phone and social media records, including messages about buying a gun, connection to a Wi-Fi network near the shooting on the day it occurred, and defendant's phone being within the area at the time of the shooting based on cell tower data.

The jury convicted defendant of open murder, MCL 750.316, and felony-firearm, MCL 750.227b(1). Defendant's trial counsel moved for an adjournment at the sentencing hearing so that a memorandum concerning defendant's mitigation factors could be prepared. The trial court granted defendant that adjournment, but a memorandum concerning the mitigating factors was never prepared. The trial court sentenced defendant to serve 40 to 80 years imprisonment for the open murder conviction consecutive to 2 years imprisonment for the felony-firearm conviction.

Defendant now appeals his convictions and sentence.

## II. ANALYSIS

### A. IN-COURT IDENTIFICATION

Defendant first argues that his due-process rights were violated by the admission of the victim's girlfriend's in-court identification. Because defendant did not object to the identification in the trial court, we review for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (cleaned up).

"The process used to identify a defendant must not be so unnecessarily suggestive and conductive to irreparable mistaken identification as to deny a defendant due process of law." *People v Posey*, 512 Mich 317, 323; 1 NW3d 101 (2023) (cleaned up). An in-court identification of defendant is admissible if "the procedures employed by the state to obtain the identification evidence results in an identification that is sufficiently reliable to be presented to the jury." *Id.* at 323-324. "Evidence of an unnecessary first-time-in-court identification procured by the prosecution—a state actor—implicates a defendant's due-process rights in the same manner as an in-court identification that is tainted by an unduly suggestive out-of-court identification procedure employed by the police." *Id.* at 339 (cleaned up). Our Supreme Court in *Posey* determined that the same eight reliability factors for unduly suggestive out-of-court identifications identified in *People v Gray*, 457 Mich 107, 115-116; 577 NW2d 92 (1998), also apply to first-time-in-court identifications:

(1) Prior relationship with or knowledge of the defendant.

(2) The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factors affecting sensory perception and proximity to the alleged criminal act.

(3) Length of time between the offense and the disputed identification.

(4) Accuracy or discrepancies in the pre-lineup or show-up description and defendant's actual description.

(5) Any previous proper identification or failure to identify the defendant.

(6) Any identification prior to lineup or showup of another person as defendant.

(7) The nature of the alleged offense and the physical and psychological state of the victim. In critical situations perception will become distorted and any strong emotion (as opposed to mildly emotional experiences) will affect not only what and how much we perceive, but also will affect our memory of what occurred. Factors such as "fatigue, nervous exhaustion, alcohol and drugs," and age and intelligence of the witness are obviously relevant.

(8) Any idiosyncratic or special features of defendant. [*Posey*, 512 Mich at 332-333 (cleaned up).]

Defendant argues that the Supreme Court's holding in *Posey*—issued after defendant's trial ended—applies retroactively. Even assuming, without deciding, that the holding from *Posey* applies retroactively, defendant's due process right was not violated. Using the factors identified in *Gray*, 457 Mich at 115-116, and applied in *Posey*, the identification was reliable. The victim's girlfriend had the opportunity to observe defendant's face during the offense and was able to partially identify defendant in a photo array lineup two months after the offense. Additionally, there were no material discrepancies between the description of the offender given by the victim's girlfriend and the appearance of defendant. Even though there were some factors that weigh against the reliability of the identification, the in-court identification of defendant was not so suggestive as to implicate defendant's due-process rights. Therefore, there was no plain error affecting defendant's substantial rights.

## B. PREJUDICIAL EVIDENCE

Defendant next argues that the trial court erred by admitting into evidence a video and two photographs because they were unfairly prejudicial. This claim was preserved for appellate review. "The decision whether to admit evidence is within the trial court's discretion, which will be reversed only where there is an abuse of discretion." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable outcomes." *People v Craig*, 342 Mich App 217, 226; 994 NW2d 792 (2022) (cleaned up).

Relevant evidence, which has any tendency to make a fact more or less probable and is of consequence in determining the action, is admissible unless other authority provides otherwise. MRE 401; MRE 402. The trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." MRE 403. "Unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005) (cleaned up). An improper admission of evidence does not warrant reversal unless defendant shows that "absent the error, it is more probable than not that a different outcome would have resulted." *Gursky*, 486 Mich at 619 (cleaned up); MCL 769.26.

Defendant argues that the video is unfairly prejudicial because it implies his participation in various illegal acts not charged in the current case. Like the trial court, we conclude that any prejudice is outweighed by the probative value of defendant's actions and statements in the video. In the video, defendant pointed his fingers like a gun and discussed guns. In addition, he stated at one point that he "ain't talking about no attempts," which could be interpreted as an admission to the murder. While defendant's use of marijuana may be prejudicial, the use is relevant to the case because the homicide arose out of an ostensible marijuana sale. Accordingly, the trial court did not abuse its discretion by admitting this video.

In contrast, the photos had less probative value and more risk of unfair prejudice compared to the video. The two photos being argued on appeal were similar to other admitted photos of defendant with a firearm that matched the description of the firearm used in the shooting, thereby making these particular photos have less probative value. The caption in one of the photos, "Put it in da bag now for I blow your fuckin head off" with laughing and crying emojis, and the depiction of defendant underage drinking in the other photo, might elicit unfair prejudice.

Even assuming that the introduction of the photos was improper, any error was harmless. There was more than ample other evidence admitted for the jury to convict defendant: the video of defendant, other photos with handguns, the identification by the victim's girlfriend, and cell phone records. Any prejudicial effect of the photos did not substantially contribute to defendant's convictions and did not determine the outcome. Defendant's challenge to his conviction based on prejudicial evidence is without merit.

## C. SENTENCING AND INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that the trial court erred in his sentencing and that his counsel was ineffective for failing to prepare a mitigation report before his sentencing hearing. Because of trial counsel's error in failing to prepare a mitigation report, we vacate defendant's sentence and remand for resentencing.

The United States Constitution and the Michigan Constitution each entitles a criminal defendant to the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. This counsel must be effective to satisfy this constitutional requirement. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To prove ineffective assistance of counsel, defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and

(2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (cleaned up). The burden is on defendant to establish the factual predicate for an ineffective-assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

With regard to the trial, defendant argues that his trial counsel was ineffective by not objecting to the victim's girlfriend's in-court identification of defendant. As discussed, the testimony occurred before *Posey* was decided by our Supreme Court. Defendant's trial counsel, therefore, could not have been aware of valid arguments to object to the identification because the Supreme Court extended the "due-process based preadmissibility screening protections" provided to identifications like the one here after this case was decided. *Posey*, 512 Mich at 324. Regardless, any objection would have been futile because the identification was reliable and, therefore, trial counsel was not ineffective for failing to object to the victim's girlfriend's identification of defendant.

For sentencing, defense counsel's failure to prepare a mitigation report was deficient performance. Defense counsel requested and received a 21-day adjournment of defendant's sentencing hearing because counsel wanted more time to prepare the memo. Even with the extension, defense counsel had not prepared the memo by the new sentencing date, and the trial court sentenced defendant without a mitigation report from defendant. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 US at 691 (cleaned up). While decisions not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments," *id.*, it is difficult to conceive of a circumstance where failing to prepare a mitigation memorandum would be a reasonable strategic decision. The first prong of ineffective assistance of counsel, that counsel's performance "fell below an objective standard of reasonableness," *Yeager*, 511 Mich at 488, is therefore met.

Defendant has also shown that he was prejudiced by defense counsel's deficient performance. Defendant provided a mitigation report on appeal, which stated that defendant "was exposed to physical and emotional abuse, domestic violence, and neglect all throughout his formative years" and described how this impacted defendant. The Court would normally not consider a mitigation report that was not presented in trial court, but MCR 7.216(A)(4) allows the Court to authorize additions to the records. *People v Nash*, 244 Mich App 93, 99-100; 625 NW2d 87 (2000).

The addition of the mitigation report is appropriate in this case because the trial court's consideration of mitigating factors may have been inaccurate. According to the trial court, defendant "denied any abuse at home and said [he] had a good upbringing," but the mitigation report stated that defendant witnessed domestic violence from his stepfather toward his mother, and that his mother was often intoxicated and abusive. This directly counters the trial court's assertion that defendant "didn't come from a bad home." Given that the trial court may not have had accurate information about defendant's "family and home environment," something that is recognized as a potential mitigating factor, *People v Parks*, 510 Mich 225, 238; 987 NW2d 161 (2022), there is a reasonable probability that the outcome at sentencing would have been different but for trial counsel's failure to provide a mitigation report. We therefore vacate defendant's sentence and remand to the trial court for resentencing. For resentencing, the trial court should

consider the mitigation report and any other information appropriate to resentence defendant to a proper and proportionate sentence.

## III. CONCLUSION

Defendant has not identified any reversible errors by the trial court or by his defense counsel relating to his convictions, so his convictions are affirmed. We vacate defendant's sentence because of his defense counsel's deficient and prejudicial performance in failing to provide a mitigation report. On remand, the trial court should consider any updated appropriate information.

We affirm defendant's convictions and remand for resentencing. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi