# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 6, 2011

141983

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GREGORY RYAN TERRY,
      Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141983
COA: 292734
Macomb CC: 2008-001876-FC

On order of the Court, the application for leave to appeal the October 12, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals holding that the prosecutor's introduction of polygraph evidence was harmless error, we VACATE the defendant's convictions and sentences, and we REMAND this case to the Macomb Circuit Court for a new trial. The Court of Appeals erred in relying on the invited response rule applied in *People v Kahley*, 277 Mich App 182, 183-184 (2007), in which the polygraph testimony was volunteered by a police witness, rather than, as in this case, intentionally introduced by the prosecution by posing a clearly improper question for the sole purpose of eliciting inadmissible polygraph evidence that conveyed to the jury the implication that codefendant Blair Lindsay's testimony against the defendant was truthful. See *People v Jones*, 468 Mich 345 (2003), and the proper application of the invited response doctrine explicated therein. In light of the extensive impeachment of the prosecution witnesses, all of whom acknowledged having initially implicated Lindsay as the shooter, the curative instruction was insufficient to prevent prejudice to the defendant from the inference of truthfulness that the prosecutor sought to suggest by the improper, uninvited question concerning the polygraph test administered to Lindsay before he was allowed to plead guilty under the plea bargain.

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*concurring*).

I concur fully with the order reversing the judgment of the Court of Appeals, vacating defendant's convictions and sentences, and remanding to the trial court for a new trial. I write separately only because I would reverse on another issue as well. I would hold that the prosecutor's questions regarding defendant's failure to report the crime and proclaim his innocence before his arrest were improperly admitted.

The Court of Appeals relied on *People v Goodin*.[1] One element of the offense in that case was a failure to report. Notably, no such element is contained in assault with intent to commit murder, the offense charged in this case.

Moreover, the facts of this case would not have prompted an innocent person to proclaim his innocence to the police preemptively.[2] For example, there is no evidence that defendant was aware before his arrest that the police considered him a suspect. Lindsay, the key prosecution witness at trial, was the prime suspect, and all the witnesses initially identified Lindsay as the perpetrator. The prosecutor laid no foundation to impeach defendant with his silence by showing that the police had any information that would give rise to the charges ultimately filed against him. Nor is there evidence that defendant was aware that Lindsay had implicated him.

Under these circumstances, it was "natural" for the defendant not to go to the police unbidden and inform on his friend Lindsay. More importantly, it was also natural for him not to spontaneously profess his own innocence to police before he was accused of anything. Thus, defendant's pre-arrest silence was inadmissible. The trial court's ruling allowing the prosecutor to question defendant about his failure to do so prejudiced his right to remain silent.[3] Finally, the jury never received a limiting instruction that such evidence could be considered only for impeachment purposes, further compounding the error.

I concur in the order reversing the judgment of the Court of Appeals because the prosecutor's introduction of polygraph evidence was not harmless error. However, because the issue involving defendant's failure to profess his innocence will likely arise on retrial, I would also reverse the Court of Appeals holding that allowed the use of his pre-arrest silence.

---

[1] 257 Mich App 425, 433 (2003).

[2] See *People v Collier*, 426 Mich 23, 34 (1986) ("[I]mpeachment with prearrest silence 'should be approached with caution, and, wherever it is undertaken, it should be prefaced by a proper demonstration that it was "natural" to expect the defendant to speak in the circumstances.'"), quoting *Commonwealth v Nickerson,* 386 Mass 54, 61-62 (1982).

[3] *Collier*, 426 Mich at 34.



3

ZAHRA, J., did not participate because he was on the Court of Appeals panel.





I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 6, 2011

_____
Clerk

p0503