# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

MERCEDES VALENTINO FLEMISTER,

      Defendant-Appellee.

UNPUBLISHED
December 30, 2014

No. 317459
Wayne Circuit Court
LC No. 13-000447-FC

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

A jury convicted defendant of violating MCL 750.316(1)(b), MCL 750.110a(2), MCL 750.413, MCL 750.224f, MCL 750.227b, and MCL 750.529. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On December 7, 2011, defendant and his half-brother Dale Freeman embarked on a crime spree in Detroit. First, they stole a minivan. They then robbed a woman, at gunpoint, at a gas station. Finally, while looking for other victims, they saw a lone man walking down the street to work. Defendant and Freeman abducted the man and forced him to take them to his home. After arriving at his house, defendant went inside with the victim, while Freeman remained in the stolen car.[1] In the course of the robbery, defendant shot the victim, killing him.

The prosecution subsequently charged defendant with first-degree felony murder, MCL 750.316(1)(b), first-degree home invasion, MCL 750.110a(2), unlawfully driving away an automobile, MCL 750.413, felon-in-possession, MCL 750.224f, felony-firearm, MCL 750.227b, and two counts of armed robbery, MCL 750.529.[2] At trial, over defendant's objections, defendant's cousin testified as to statements made to him by Freeman regarding defendant's

---

[1] Freeman was rendered paraplegic by gunshot wounds after an altercation in 2010.

[2] Freeman was also accused of the above offenses, save for the felon-in-possession and felony-firearm charges, and was tried together with defendant.

participation in and perpetration of the home invasion, robbery, and murder.[3] The jury subsequently convicted defendant of all charges.

On appeal, defendant argues that the trial court erred when it permitted defendant's cousin to testify as to statements made to him by Freeman about defendant's involvement in the charged crimes. He also alleges that his trial attorney gave him ineffective assistance.[4]

## II. STANDARD OF REVIEW

A trial court's evidentiary decisions are reviewed for an abuse of discretion. *People v Martzke*, 251 Mich App 282, 286; 651 NW2d 490 (2002). "A trial court abuses its discretion when it fails to select a principled outcome from a range of reasonable and principled outcomes." *People v Kahley*, 277 Mich App 182, 184; 744 NW2d 194 (2007). Erroneous deprivation of a criminal defendant's right to confront adverse witnesses over objection is constitutional error. See *People v Walker*, 273 Mich App 56, 65; 728 NW2d 902 (2006). Such error requires reversal unless "the beneficiary of the error has established that it is harmless beyond a reasonable doubt." *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

Challenges to the effectiveness of a defendant's trial attorney are reviewed to determine whether defendant meets the "heavy burden" of demonstrating that his lawyer's performance was deficient and that he was prejudiced by the deficiency. *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). The attorney's performance is presumed to be effective. *Id*. at 600.

## III. ANALYSIS

### A. TESTIMONY OF DEFENDANT'S COUSIN

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801. Hearsay is generally inadmissible, but this general rule is subject to several exemptions and exceptions provided in the Michigan Rules of Evidence. MRE 802. One such exemption is the statement against interest, which permits the admission of:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the

---

[3] The trial court admitted the cousin's testimony on this subject, but did not explain why it did so beyond overruling defendant's objections.

[4] In his standard 4 brief, defendant also alleges that the prosecutor committed misconduct. However, defendant failed to preserve this issue for review, nor does he offer record citations to demonstrate where in the trial the prosecutor allegedly committed misconduct, in violation of MCR 7.212(C)(7). In any event, defendant's allegations are wholly without merit, because the prosecutor did not engage in misconduct.

statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. [MRE 804(b)(3).]

"The premise underlying this hearsay exception is the 'common-sense intuition that a reasonable person would be expected to lie, if at all, only in his own favor, and would not harm himself by his own words.'" *People v Kowalski*, 492 Mich 106, 128; 821 NW2d 14 (2012), quoting *People v Watkins*, 438 Mich 627, 636; 475 NW2d 727 (1991).

The Confrontation Clause of the U.S. Constitution bars the introduction of "hearsay evidence that is 'testimonial' in nature . . . . unless the declarant appears at trial or the defendant has had a previous opportunity to cross-examine the declarant." *People v Nunley*, 491 Mich 686, 697-698; 821 NW2d 642 (2012). Though the U.S. Supreme Court has not provided a precise definition of "testimonial statement," it has stressed that testimonial statements are those that "were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v Washington*, 541 US 36, 52; 124 S Ct 1354; 158 L Ed 2d 177 (2004) (internal quotation marks omitted).

Here, defendant claims that testimony given by his cousin contained inadmissible hearsay in the form of statements allegedly made by co-defendant Freeman to his cousin regarding defendant's commission of the charged offenses. Specifically, the cousin stated that Freeman told him defendant and Freeman abducted the homeowner and robbed him. Freeman's statements to his cousin were made in casual conversation—not in the course of an investigation. As such, they could not "lead an objective witness reasonably to believe that the statement would be available for use at a later trial," and are not testimonial. *Crawford*, 541 US at 52. Moreover, the statements of which defendant complains implicate Freeman just as much as they implicate defendant, which would tend to indicate "that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." MRE 804(b)(3). Therefore, the cousin's testimony on Freeman's statements was subject to the statement against interest exception to the hearsay rule, and thus properly admissible under MRE 804(b)(3).

In any event, any error made by the trial court in admitting the cousin's testimony on Freeman's statements was harmless. The prosecution presented overwhelming evidence of defendant's guilt. The wife of the murder victim unequivocally identified defendant as her husband's assailant in court, and the victim of the gas station robbery identified defendant as the man that robbed her. The police also found defendant's fingerprint on a roll of tape in the car used in the crimes. Moreover, defendant's cousin also testified that *defendant* told him that defendant and Freeman stole a car, searched for robbery victims, abducted the homeowner, robbed the homeowner in his home, and shot him.[5]

---

[5] This testimony, of which defendant does not make issue, is not hearsay because it is the admission of a party opponent. MRE 801(d)(2).

Accordingly, the trial court properly admitted the testimony of defendant's cousin as to Freeman's statements, and defendant's arguments otherwise have no merit.

## B. EFFECTIVE ASSISTANCE OF COUNSEL

The U.S. and Michigan Constitutions both guarantee a criminal defendant the right to assistance of counsel. US Const Am VI; Cost 1963, art 1 § 20. "Our Supreme Court has held that the Michigan Constitution guarantees a defendant the same right to counsel as the United States Constitution, and Michigan has adopted the standard for evaluating the effectiveness of counsel set out by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)." *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011).

> *Strickland* set forth a two-part test to determine whether defense counsel was effective in a particular case. First, the defendant must show that counsel's "representation fell below an objective standard of reasonableness." Second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Meissner*, 294 Mich App at 459 (citations omitted).]

Here, defendant claims his trial attorney gave him ineffective assistance for a number of reasons, most of which are meritless and/or contradicted by the record.[6] The only non-frivolous claim he raises on appeal is that his attorney should have requested that he be given a separate trial. But even this assertion fails to demonstrate ineffective assistance: at defendant's *Ginther*[7] hearing, the trial attorney stated that he considered whether to request a separate trial, but decided against it because neither defendant placed blame on the other, or sought to exonerate

---

[6] Specifically, defendant's meritless claims and/or misrepresentations involve allegations that his trial attorney: (1) did not challenge a photographic array at trial; (2) fell asleep during trial; and (3) did not know how to secure public funding for a fingerprint expert.

In fact, defendant's attorney did challenge the propriety of the photographic array at trial, and argued it tainted any subsequent in-court identifications. And the record shows that defendant's attorney, who has apnea, did not fall asleep during trial. The trial court stated that it had longstanding knowledge of the attorney's condition, and said it did not believe the attorney fell asleep at trial. We have no reason to doubt the trial court's conclusion. Moreover, defendant has provided no evidence that his lawyer's condition made the result of the proceeding any different than it would have been otherwise.

Regarding the fingerprint expert, defendant's trial attorney attempted to find a fingerprint expert who would take court-appointed fees, but found it unnecessary to do so because defendant's mother paid for a fingerprint expert. Defendant's attorney stated that he was prepared to have the fingerprint expert testify, but stressed that the testimony would have been detrimental to defendant's case because the fingerprint at issue was identified as defendant's.

[7] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

himself at the expense of the other. Moreover, as discussed, Freeman's statements about defendant were revealed in his cousin's testimony, and the prosecution could have just as easily called defendant's cousin to testify in a separate trial as it did in the joint trial.

Defendant has utterly failed to demonstrate that his lawyer's "representation fell below an objective standard of reasonableness." *Meissner*, 294 Mich App at 459. In any event, as noted, the prosecution presented overwhelming evidence of defendant's guilt, and he is unable to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra