# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DALE FREEMAN,

        Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 317324
Wayne Circuit Court
LC No. 13-000447-FC

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

A jury convicted defendant of violating MCL 750.316(1)(b), MCL 750.110a(2), MCL 750.413, and MCL 750.529. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On December 7, 2011, defendant and his half-brother, Mercedes Flemister, embarked on a crime spree in Detroit. First, they stole a minivan. They then robbed a woman, at gunpoint, at a gas station. Finally, while looking for other victims, they saw a lone man walking down the street to work. Defendant and Flemister abducted the man and forced him to take them to his home. After arriving at his house, Flemister went inside with the victim, while defendant remained in the stolen car.[1] In the course of the robbery, Flemister shot and killed the victim.

The prosecution subsequently charged defendant with first-degree felony murder, MCL 750.316(1)(b), first-degree home invasion, MCL 750.110a(2), unlawfully driving away an automobile, MCL 750.413, and two counts of armed robbery, MCL 750.529.[2] Among other things, defendant argued that he was merely present at the crime scenes and did not aid or abet Flemister in committing the offenses—an argument that the jury did not find credible.

---

[1] Gunshot wounds from an altercation rendered defendant paraplegic, but obviously, did not impair his zeal for criminal activity.

[2] Flemister was also accused of the above offenses, and was tried together with defendant.

At trial, over defendant's objections, multiple witnesses testified to past robberies committed by defendant that involved the use of vehicles and firearms. Prior to hearing testimony on defendant's other crimes, the trial court instructed the jury to "be very careful only to consider" the evidence of other crimes, "for certain purposes" such as the "plan, system, or characteristic scheme [defendant] had used before." The court further stated:

> You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendants are bad people or that they are likely to commit crimes.

> You must not convict the defendant here just because you think that he is guilty of other bad conduct. All of the evidence must convince you beyond a reasonable doubt that the defendants committed the alleged crimes here, or you must find them not guilty.

The jury convicted defendant of the charges mentioned above, and the trial court sentenced him to concurrent terms of life imprisonment for the felony-murder conviction, 60 to 100 years each for the robbery convictions, 10 to 20 years for home invasion conviction, and three to five years for the driving away conviction.

On appeal, defendant argues that the trial court erred when it: (1) admitted evidence of other crimes committed by defendant in violation of MRE 404(b); and (2) sentenced him for his armed robbery conviction outside of the sentencing guidelines without explaining its departure.

## II. STANDARD OF REVIEW

A trial court's decision on whether to admit evidence of other bad acts is reviewed for an abuse of discretion. *People v Kahley*, 277 Mich App 182, 184; 744 NW2d 194 (2007). "A trial court abuses its discretion when it fails to select a principled outcome from a range of reasonable and principled outcomes." *Id.*

The proper application of the statutory sentencing guidelines is a question of law that is reviewed de novo. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001). However, defendant did not make a motion for resentencing in the trial court, or ask our Court to remand the issue, and it is accordingly unpreserved. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Unpreserved issues are reviewed for plain error affecting substantial rights. *Id.* at 763. Where plain error is shown, the reviewing court should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## III. ANALYSIS

### A. MRE 404(B)

MRE 404(b) mandates that:

-2-

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Accordingly, evidence of prior bad acts is admissible if it is: (1) offered to prove "something other than a character or propensity theory"[3]; (2) relevant; and (3) its probative value is not "substantially outweighed by unfair prejudice under MRE 403." *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004).

Relevant evidence is evidence that makes "a material fact at issue more probable or less probable than it would be without the evidence." *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998). Relevant evidence may be excluded if "its probative value is *substantially* outweighed by the danger of *unfair* prejudice . . ." MRE 403 (emphasis added). "In [the] context [of MRE 403], prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion." *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995). "Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony by the trial judge." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008) (internal quotation marks omitted).

Here, three witnesses testified as to other robberies defendant either committed or in which he was involved. The prosecution offered the testimony to show a "scheme, plan, or system" defendant used to rob his victims, and the testimony demonstrated that defendant did indeed have a "scheme, plan, or system" for his robberies, which he executed in the charged offenses. The incidents described in the testimony, which occurred both before and after defendant was rendered paraplegic, variously involved: (1) use of a motor vehicle to initiate an altercation that led to a robbery; (2) use of a motor vehicle to escape from a robbery; (3) firearms; (4) the threat of violence; (5) the actual use of violence; and (6) the presence of both defendant and Flemister.

This testimony was certainly relevant, because it tended to make "a material fact at issue"—whether defendant aided and abetted two armed robberies, one of which resulted in murder—"more probable or less probable than it would be without the evidence." *Crawford*, 458 Mich at 387. Nor was its probative value "*substantially* outweighed by the danger of *unfair*

---

[3] Examples of *valid* uses of other acts evidence include other acts that show proof of "intent, preparation, scheme, plan, or system." MRE 404(b). Evidence of "similar misconduct" is properly admissible because it "is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000).

prejudice . . .” MRE 403 (emphasis added). The fact that the witness testimony undermined defendant's argument that he did not aid or abet the robberies does not make it "unfair"—it merely tended to show "that the facts [were] contrary to his contentions." *Vasher*, 449 Mich at 501.

In any event, as noted, the trial court handled the witness testimony with an abundance of caution, and issued a thorough preliminary instruction to the jury. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). The instructions provided here mitigated any tendency of the other bad-acts evidence to cause defendant unfair prejudice.

Accordingly, the trial court properly admitted the witness testimony on defendant's other crimes under MRE 404(b), and his arguments to the contrary have no merit.

## B. SENTENCING GUIDELINES

MCL 750.529 codifies the crime of armed robbery, and provides:

A person who engages in conduct proscribed under [MCL 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony *punishable by imprisonment for life or for any term of years*. [Emphasis added.]

A criminal that commits first degree murder must serve a mandatory life sentence and is forever ineligible for parole,[4] and such mandatory, non-parolable life sentences are not governed by the sentencing guidelines. MCL 769.34(5).

Here, defendant unconvincingly argues that his sentence of 60 to 100 years for each of the armed robbery convictions under MCL 750.529 exceeded the recommended range under the sentencing guidelines, and demands that he be resentenced within the guidelines, or with an explanation of the reasons for the departure.[5] Defendant's argument is based on the incorrect presumption that the sentencing guidelines apply to his sentence.[6]

---

[4] MCL 750.316(1). A limited exception exists if the criminal committed the murder before his eighteenth birthday. See MCL 769.25.

[5] As noted, defendant did not object to his sentencing at the appropriate time, which renders this issue unpreserved. *Carines*, 460 Mich at 763-764.

[6] Defendant offers no support for this presumption. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003).

Because defendant must serve life imprisonment with no possibility of parole for his first-degree murder conviction, a concurrent lesser sentence will have no bearing on his actual term of incarceration. The sentence for murder has thus rendered defendant's other sentences, including those for armed robbery, moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). Because defendant cannot show that any error in this regard seriously affected his substantial rights, we decline to give this unpreserved issue further consideration.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra