*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOEL DEAN KUROWICKI,

        Defendant-Appellant.

UNPUBLISHED
November 7, 2019

No. 343168
Lenawee Circuit Court
LC No. 15-017657-FC

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant, Joel Dean Kurowicki, of three counts of first-degree criminal sexual conduct, (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a victim under 13 years of age), for sexually abusing his stepson over an extended period of time when the child was between the ages of four and six. Defendant raises several evidentiary challenges on appeal, all of which lack merit. We affirm.

## I. BACKGROUND

Defendant was married to PW from 2006 through 2007. PW had two young children, the victim, WH, and his sister KH. Defendant was often alone with the children while PW worked. WH acted out in kindergarten during this time. On one occasion, WH tried to insert a pencil into his anus. On the school's recommendation, WH entered therapy and the counselor suspected that WH had been sexually abused. Those suspicions were not confirmed at the time, however. PW ultimately ended her relationship with defendant because he was arrested and ultimately convicted of physically abusing WH.

WH continued to attend weekly therapy sessions as he grew up. He was a troubled youth who found himself at odds with the juvenile justice system. At age 11, WH reported that defendant had sexually abused him. WH first told a juvenile court officer, and later his mother. WH described that defendant would take him into his mother's bedroom every day after school, and that defendant would penetrate his mouth and anus with his penis, would digitally penetrate his anus, and would "shove pencils" into his anus. WH, who was 15 years old at the time of trial, described these events in detail.

## II. RAPE SHIELD MATERIAL

Before trial, defendant filed a *Stanaway*[1] motion and a motion in limine seeking to admit evidence of WH's prior sexual conduct. Specifically, defendant sought to admit WH's counseling and juvenile court records as evidence that WH had sexually assaulted KH. Defendant contended that this information was essential to the defense because (1) it would establish that WH had a motive to accuse defendant of sexual abuse—to shift the blame onto defendant, making WH appear as a victim rather than a perpetrator, and (2) it would provide an alternative source, other than defendant, for WH's age-inappropriate sexual knowledge to which he would testify at trial. The trial court reviewed the subject records *in camera* and concluded that they were not admissible under the rape-shield statute, MCL 750.520j.

Defendant challenges the trial court's evidentiary ruling on appeal. We review for an abuse of discretion the court's decision to exclude the subject evidence, and review de novo underlying questions of law. *People v Sharpe*, 502 Mich 313, 323-324; 918 NW2d 504 (2018). The trial court determined that evidence of WH's prior sexual conduct was not admissible under the rape-shield statute, MCL 750.520j, which provides, in relevant part:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections [MCL 750.520b] to [MCL 750.520g] unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> (a) Evidence of the victim's past sexual conduct with the actor.
>
> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

"Similarly, MRE 404(a)(3) provides an exception to the general rule excluding character evidence for, in a case involving [CSC], evidence of the alleged victim's past sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease." *People v Duenaz*, 306 Mich App 85, 91; 854 NW2d 531 (2014) (quotation marks and citation omitted). "The rape-shield statute bars, with two narrow exceptions [provided in the statute], evidence of *all* sexual activity by the complainant not incident to the alleged rape." *Id*. (quotation marks and citation omitted). "Because the statute excludes evidence that in most cases would be only minimally relevant, the statute's prohibitions do not deny or significantly diminish a defendant's right of confrontation." *Id*. at 91-92.

However, "in limited situations[,] evidence the statute [otherwise] excludes may nevertheless be relevant and admissible to preserve a defendant's constitutional right of

---

[1] *People v Stanaway*, 446 Mich 643; 521 NW2d 557 (1994).

confrontation." *Id*. at 93. For example, this Court has recognized that " 'in certain circumstances, evidence of a complainant's sexual conduct may also be probative of a complainant's ulterior motive for making a false charge.' " *People v Benton*, 294 Mich App 191, 197; 817 NW2d 599 (2011), quoting *People v Hackett*, 421 Mich 338, 348; 365 NW2d 120 (1984). Evidence of a victim's prior sexual conduct may be admissible to establish that a victim's age-inappropriate sexual knowledge was not learned from the defendant. *People v Morse*, 231 Mich App 424, 436; 586 NW2d 555 (1998). Defendant argues that these two exceptions apply in this case.

Evidence of WH's alleged prior sexual conduct was not necessary to explain potential age-inappropriate sexual knowledge. Although WH was only four to six years old when the sexual abuse occurred, he was 15 by the time of trial. WH described the historical events with the knowledge and understanding of a normal teenager. Evidence of WH's prior sexual misconduct was unnecessary to establish WH's knowledge source at the time of trial.

The trial court also did not abuse its discretion in determining that WH's counseling and juvenile court records were inadmissible to establish that WH had a motive to fabricate his allegations against defendant. As noted, defendant contended that WH had sexually assaulted KH and fabricated his allegations against defendant to paint himself as a victim rather than a perpetrator. We have reviewed the records in question and they do not include evidence relevant to defendant's proposed defense. Indeed, the records reveal a significant gap in time between WH's alleged sexual abuse of his sister and WH's report of defendant's sexual abuse.

As defendant has not established that the proffered evidence was admissible under an exception to the rape shield statute, he is not entitled to relief.

### III. POLYGRAPH TESTIMONY

At defendant's trial, Michigan State Trooper Waylon Jones stated that he asked defendant during the criminal investigation if he would submit to a polygraph examination:

> [*Prosecutor*]: Okay. After you interviewed the Defendant and you attempted to locate the witness that he provided you, was there anything else pursuant to your investigation that you did?
>
> [*Trooper Jones*]: I asked [defendant] if he'd take a polygraph.
>
> [*Prosecutor*]: Okay.

Defendant immediately objected and the trial court sustained, ordering, "I'm going to discontinue any further discussion . . . with regard to the same." The prosecutor continued her examination of the witness and no other reference to polygraph examinations was made at trial.

However, defendant requested the trial court to declare a mistrial based on the jury's exposure to an improper reference to a polygraph test. The court denied the motion, noting that the prosecutor was not attempting to elicit improper testimony, the trooper was not purposely trying to inject inadmissible evidence, and the issue had already been resolved.

We review for an abuse of discretion the trial court's denial of defendant's motion for a mistrial. *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017). "It is well established that testimony concerning a defendant's polygraph examination is not admissible in a criminal prosecution." *People v Kahley*, 277 Mich App 182, 183; 744 NW2d 194 (2007). "However, not every reference to a polygraph examination requires reversal." *Id*. at 183-184. An "inadvertent, unsolicited mention by a witness that a polygraph was administered does not necessarily require a mistrial." *People v Ortiz-Kehoe*, 237 Mich App 508, 514; 603 NW2d 802 (1999).

To determine whether reversal is required, this Court considers the following factors:

> (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted. [*People v Nash*, 244 Mich App 93, 98; 625 NW2d 87 (2000) (quotation marks and citation omitted).]

Here, there was only a brief mention that a trooper asked defendant if he would submit to a polygraph examination. The trooper did not indicate whether defendant ever took the exam, let alone reveal any polygraph results. Defense counsel immediately objected and the court excluded the evidence. This was the only reference to a polygraph examination. There is no record indication that the prosecutor deliberately attempted to elicit this information or that the trooper intentionally mentioned the polygraph in an attempt to prejudice the defense. And the court subsequently instructed the jurors to disregard anything they may have heard regarding a polygraph examination because polygraphs are inadmissible and scientifically unreliable. On this record, defendant is not entitled to a new trial.

## IV. OTHER ACTS EVIDENCE

At trial, WH testified that he tried to tell his mother about defendant's acts of sexual abuse in 2006. Defendant interrupted the report and beat WH, WH described. Although the jury did not hear this evidence, we note that defendant was arrested for physically assaulting WH and pleaded guilty to fourth-degree child abuse. The following excerpts from the trial encompass the challenged evidence. On direct-examination, WH testified:

> [*Prosecutor*]: At some point did things with [defendant] stop between the two of you?
>
> [*WH*]: Yeah, like at the end when mom broke up with him after he beat me for trying to tell my mom what happened.
>
> [*Prosecutor*]: Can you tell me more about that?
>
> [*WH*]: I was trying to tell mom, he told me to shut up, and then he beat me, and that's the day he went to jail.

WH then explained how he attempted to report the abuse to his therapist when he was nine, and finally told a juvenile court officer when he was 11. On cross-examination, defense counsel

asked, "Okay, and did you tell anybody [about the sexual abuse]?" WH responded, "I tried to tell when I was five, but he beat me and he went to jail. Then I tried to tell when I was nine, but I couldn't do that. So then I told when I was 11 and finally got it out."

Defendant contends that this evidence was overly prejudicial and should have been excluded at trial. Generally, "[a] trial court's admission of other-acts evidence is reviewed for an abuse of discretion." *People v McGhee*, 268 Mich App 600, 609; 709 NW2d 595 (2005). However, defendant failed to preserve this issue by raising a timely objection. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Accordingly, our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Defendant further contends that defense counsel was ineffective for failing to object to the admission of this evidence. As defendant did not request a new trial or an evidentiary hearing regarding counsel's assistance, our review is limited to errors apparent on the existing record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held that a convicted defendant's claim of ineffective assistance of counsel includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." To establish that counsel's performance was deficient, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceedings would have differed. *Id*. at 663-664.

## A. MRE 404(B)(1)

MRE 404(b)(1) sets forth the standard for the admission of other-acts evidence:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Our Supreme Court has articulated the following standard for the admission of other-acts evidence:

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v Denson*, 500 Mich 385, 398; 902 NW2d 306 (2017) (citation and quotation marks omitted).]

We discern no error in the admission of the challenged evidence under MRE 404(b)(1). First, the evidence was offered for a proper purpose. While evidence that defendant beat WH and went to jail as a result inevitably allowed for an inference of defendant's character, "MRE 404(b) does not prohibit all other-acts evidence that may . . . give rise to an inference about the defendant's character, but only that which is relevant *solely* to the defendant's character or criminal propensity." *People v Jackson*, 498 Mich 246, 276; 869 NW2d 253 (2015) (quotation marks and citation omitted, alteration in orginal). Second, the evidence was highly relevant; it explained why WH did not report the sexual abuse when it first occurred.

Moreover, the probative value of the evidence was not substantially outweighed by unfair prejudice. In order to explain the nearly six-year delay in WH reporting the sexual abuse, the prosecution needed to establish why WH did not report the abuse initially. WH's testimony was highly probative because it countered the defense theory that WH fabricated the allegations against defendant and that WH's failure to report the abuse when it occurred was evidence of this fabrication. Furthermore, the prosecutor did not question WH at length about defendant beating him, and WH did not testify that defendant was convicted of a misdemeanor for beating WH nor were any details of a charge or conviction presented at trial. Given the importance of WH's explanation for not reporting the abuse initially, and the limited scope in which defendant's prior bad act was presented, the probative value of this evidence was not substantially outweighed by the prejudice to defendant.[2]

## B. MRE 404(B)(2)

Defendant also argues that the prosecution improperly admitted WH's testimony because it failed to file a notice of intent to introduce other-acts evidence as required by MRE 404(b)(2). Pretrial notice "is designed to promote[] reliable decision making, to prevent[] unfair surprise, and to offer[] the defense the opportunity to marshal arguments regarding both relevancy and unfair prejudice." *Jackson*, 498 Mich at 261 (quotation marks and citations omitted; alteration in original). "The notice must be 'reasonable' and provided before trial, but may be provided during trial if the court excuses pretrial notice on good cause shown." *Id*. (quotation marks and citation omitted).

Assuming that the evidence qualifies as other-acts evidence under MRE 404(b)(2), the prosecution's failure to provide pretrial notice of its intent to introduce it was not outcome determinative. In *Jackson*, the Court determined that "the defendant ha[d] not demonstrated that" the prosecution's failure to provide pretrial notice of its intent to present other acts evidence was "more probably than not . . . outcome determinative." *Id*. at 278 (quotation marks and citation omitted). The Court further stated:

> [T]he lack of proper pretrial notice did not result in the admission of substantively improper other-acts evidence. Thus, although the defendant was not afforded his due opportunity to marshal arguments against its admission before it was introduced at trial, he has not shown that any such arguments would have been

---

[2] Defendant did not request a limiting instruction at trial.

availing, or would have affected the scope of testimony ultimately presented to the jury. [*Id.* (quotation marks and citation omitted).]

The lack of proper notice here did not result in the introduction of inadmissible other-acts evidence, and defendant has failed to set forth any arguments that would have been availing in defending against this evidence. Accordingly, defendant is not entitled to relief.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that trial counsel was ineffective for failing to object to WH's testimony, resulting in the admission of improper other-acts evidence. As noted, however, WH's testimony regarding defendant's act of physical violence against him was admissible to explain WH's delay in reporting the sexual abuse. Counsel was not ineffective for failing to raise a futile objection to the admission of this evidence. See *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

We affirm.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher